# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DIANE NELSON | |
| Plaintiff, | NO. 3:09-CV-02013 |
| v. | (JUDGE CAPUTO) |
| CALIFORNIA CASUALTY INDEMNITY EXCHANGE and CALIFORNIA CASUALTY MANAGEMENT COMPANY, | |
| Defendants. | |

## MEMORANDUM ORDER

Presently before the Court is the Complaint of Plaintiff Diane Nelson against Defendants California Casualty Indemnity Exchange ("CCIE") and California Casualty Management Company ("CCMC"). (Doc. 1.) Federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *Meritcare Inc. v. St. Paul Mercury Ins. Co.*, 166 F.3d 214, 217 (3d Cir. 1999). Plaintiff alleges that this Court's basis for jurisdiction is diversity of citizenship pursuant to 28 U.S.C. § 1332. Section 1332(a)(1) gives district courts original jurisdiction to hear cases where the matter in controversy exceeds the value of seventy-five thousand dollars ($75,000) and is between citizens of different states. "It is . . . well established that when jurisdiction depends upon diverse citizenship the absence of sufficient averments or of facts in the record showing such required diversity of citizenship is fatal and cannot be overlooked by the court, even if the parties fail to call attention to the defect, or consent that it may be waived." *Thomas v. Bd. of Trs.*, 195 U.S. 207, 211 (1904). Moreover, "[w]hen the foundation of federal authority is, in a particular instance, open to

question, it is incumbent upon the courts to resolve such doubts, one way or the other, before proceeding to a disposition of the merits." *Carlsberg Res. Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1256 (3d Cir. 1977); *see also* FED R. CIV. P. 12(h)(3) (a court must dismiss an action if it determines it lacks subject matter jurisdiction).

In this case, the Plaintiff's Complaint fails to demonstrate the requirements of federal subject matter jurisdiction. Diversity is insufficiently alleged as to all Defendants. In viewing the Complaint, some facts have been alleged regarding the citizenship of the parties, but the facts alleged are insufficient. The requirements for diversity of citizenship vary depending on the type of entity named in the suit. For example, Section 1332(c)(1) requires that a corporation's citizenship be alleged by stating the entity's state of incorporation and its principal place of business. On the other hand, the Third Circuit Court of Appeals has held that "a limited partnership is an unincorporated association whose citizenship is deemed to be that of the 'persons composing such association.'" *Trent Realty Assoc. v. First Federal Savings and Loan Assoc.*, 657 F.2d 29, 31-32 (quoting *Great Southern Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 456, (1900)). Plaintiff does not specify what type of entity either defendant is, only stating that each is a "company." Incidentally, if these entities are corporations, the Plaintiff has not properly pled their principal place of business. CCIE only has its home office listed, and CCMC only has the address of its Pennsylvania agent named.

Furthermore, Plaintiff does not properly plead an amount in controversy over seventy-five thousand dollars ($75,000). Plaintiff's complaint only states the amount available under the under-insured motorist benefits section of her policy with Defendants, but does not state how much her claim would be under this policy. Thus, Plaintiff's complaint does not properly satisfy the amount in controversy prong of §1332(a)(1).

2

Because diversity of citizenship and amount in controversy are insufficiently alleged, the Court will dismiss the Complaint without prejudice for lack of subject matter jurisdiction pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure.

**NOW**, this  21st  day of October, 2009, **IT IS HEREBY ORDERED THAT** Plaintiff's Complaint (Doc. 1) is **DISMISSED without prejudice**.   The Clerk of the Court shall mark this case **CLOSED.**

/s/ A. Richard Caputo
A. Richard Caputo
United States District Judge